**David H. DEIBLER, Plaintiff,**

v.

**The CITY OF REHOBOTH BEACH, Miriam E. Howard, Mary Burt Lankford, Paul H. Wellborn, Eleanor B. Lynam, Eugene Nelson, Richard H. Derrickson and Lawrence I. Turner, Defendants.**

**Civ. A. No. 83–436–JJF.**

United States District Court,
D. Delaware.

April 30, 1987.

160

James B. Tyler, Georgetown, Del., for plaintiff.

Jeffrey S. Goddess, of Saul, Ewing, Remick & Saul, Wilmington, Del., for defendants.

## MEMORANDUM OPINION

FARNAN, District Judge.

David H. Deibler brought this action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his First Amendment rights of association and his Fourteenth Amendment rights to procedural due process and equal protection of the laws. The defendants are the City of Rehoboth Beach ("City"), six present and/or former City Commissioners and the former City Manager. This action resulted from the defendants' refusal, pursuant to certain eligibility requirements contained in the Charter of the City of Rehoboth Beach ("Charter"), to place Deibler's name on the ballot in an election of City Commissioners. The issue currently before the Court requires resolution of the question whether the seven individual defendants are immune from suit under the doctrine of qualified immunity.[1]

## I. BACKGROUND.

The facts of this case are fully set forth in the opinions of the district court and the Court of Appeals. *Deibler v. City of Rehoboth Beach,* 790 F.2d 328 (3rd Cir.1986), *rev'g,* No. 83–436, slip op. (D.Del. June 26, 1985). However, for the purpose of clarity, a few salient facts should be repeated here.

The City of Rehoboth Beach is a Delaware resort community, organized pursuant to a legislative charter and governed by a seven-member Commission. The Charter provides that Commissioners and candidates for the position of Commissioner must be at least twenty-one years old, own property located within the City, and be current in their tax payments. Under the Charter, the Commissioners are to judge whether a candidate for election to Commissioner possesses these prerequisites.

In 1981, plaintiff decided to seek election to City Commissioner. To this end, he filed a nominating petition with the City Clerk, who then forwarded the petition to the Commissioners. At a public meeting on July 10, 1981, the City Commissioners convened to review the qualifications of prospective candidates for Commissioner. During the course of this meeting, the Commissioners discovered that Deibler did not meet the Charter's requirement that a candidate for Commissioner be a non-delinquent taxable. At that time, Deibler owed $264.00 in real estate taxes. Following a lengthy debate concerning whether the

1. The individual defendants appear to have abandoned the theory that they are entitled to absolute legislative immunity under *Tenney v. Brandhove,* 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951). This argument was pressed in prior proceedings before the Court; however, Judge Stapleton did not reach the issue in his Opinion granting defendants' Motion for Dismissal and Summary Judgment. *Deibler v. City of Rehoboth Beach,* No. 83–436, slip op. (D.Del. June 26, 1985), *rev'd,* 790 F.2d 328 (3rd Cir. 1986). On remand, the defendants rely solely on the doctrine of qualified immunity. Without expressing an opinion on the question whether the defendants are immune from suit under legislative immunity, the Court shall limit its analysis to the applicability of qualified immunity, the only issue raised and briefed by the parties.

"non-delinquent taxable" requirement should be enforced, the Commissioners turned to the City Solicitor for an opinion on the validity of the provision. The Solicitor opined that the United States District Court for the District of Delaware would find the provision invalid. The Commissioners thereafter voted to reject Deibler's nominating petition, which prevented him from appearing on the ballot in an election to be held in August of 1981.

Deibler then filed a civil action under 42 U.S.C. § 1983, alleging that the City, the Commissioners and the City Manager of Rehoboth Beach had infringed upon his First and Fourteenth Amendment rights by denying him access to the ballot. Deibler advanced the theory that the Charter provision that required candidates to be non-delinquent taxables and freeholders infringed his right to freedom of association, equal protection and due process of law. *Deibler, supra,* 790 F.2d at 330.

The District Court entered summary judgment for the defendants. Addressing Deibler's equal protection claim, the Court held that the Charter's non-delinquency requirement bore a rational relationship to the City's legitimate interest in securing candidates for Commissioner who demonstrated a commitment to and interest in Rehoboth Beach. *Deibler v. City of Rehoboth Beach, supra,* slip op. at 11. The District Court did not reach the issue whether the Charter provision impermissibly burdened Deibler's rights of free association. Deibler appealed the entry of summary judgment against him to the United States Court of Appeals for the Third Circuit.

On appeal, a divided panel reversed the order of the District Court. *Deibler v. City of Rehoboth Beach, supra,* 790 F.2d at 337 (Ziegler, District Judge, sitting by designation); *Id.* at 337 (Sloviter, Circuit Judge, concurring in judgment); *Id.* at 340 (Weis, Circuit Judge, dissenting). The Court rejected Deibler's argument that the non-delinquency classification should be subjected to a heightened level of scrutiny. *Id.* at 334. However, the majority disagreed with the District Court's determina-

tion that the non-delinquent taxable qualification for candidacy bore a rational relationship to a legitimate government interest. *Id.* at 334–35, 337. Accordingly, the Court held that the non-delinquent taxable requirement violated the equal protection clause of the Fourteenth Amendment. *Id.* at 337.

## II. DISCUSSION.

The question presented at this juncture is whether the individual defendants are immune from suit under the doctrine of qualified immunity. The Supreme Court established the standards governing qualified immunity in *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Under the *Harlow* standard, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." 457 U.S. at 818, 102 S.Ct. at 2738. *See also Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 2818, 86 L.Ed.2d 411 (1985). As the Court intimated in a later case, no other inquiry is relevant. *Davis v. Scherer,* 468 U.S. 183, 197, 104 S.Ct. 3012, 3020, 82 L.Ed.2d 139 (1984). Therefore, in order to ascertain whether the individual defendants are immune from suit under the principles enunciated in *Harlow,* the Court must determine whether, at the time the action was taken, the Commissioners' refusal to place Deibler's name on the ballot because of his status as a delinquent taxable violated clearly established law. *People of Three Mile Island v. Nuclear Regulatory Commissioners,* 747 F.2d 139, 145 (3rd Cir.1984); *Losch v. Borough of Parkesburg, Pa.,* 736 F.2d 903, 909–10 (3rd Cir.1984).

Before resolving this issue, the meaning of the term "clearly established" requires some clarification. In *Harlow,* the Supreme Court expressly declined to set forth the criterion for determining whether a right is clearly established. *Harlow v. Fitzgerald, supra,* 457 U.S. at 118 n. 32, 102 S.Ct. at 2738 n. 32. The development

of a standard for determining how much case authority is necessary and how close the factual correspondence must be between the case at bar and applicable precedents has largely taken place in the lower federal courts. *People of Three Mile Island, supra,* 747 F.2d at 144. In *People of Three Mile Island, supra,* our Court of Appeals adopted an approach that requires officials to apply general, well-developed legal principles and that requires some—but not precise—factual correspondence between applicable legal precedents and the case at issue. *Id.* This approach requires officials to relate established legal principles set forth in previous cases to analogous factual situations. *Id.* (citing *Williams v. Bennett,* 689 F.2d 1370, 1381–82 (11th Cir.1982), *cert. denied,* 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983)). It does not, however, require them to "predic[t] the future course of constitutional law." *People of Three Mile Island, supra,* 747 F.2d at 144 (quoting *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967)). The standard thus requires the Court to inquire into the legal principles governing analogous factual situations at the time the violation occurred and, if any existed, determine whether the official should have related this established law to the situation before the Court. *Hicks v. Feeney,* 770 F.2d 375, 380 (3rd Cir.1985).

I turn now to the state of the law as it existed in 1981. The Court's search for analogous precedent which should have indicated to the Commissioners that tax non-delinquency was not a legitimate condition for candidacy has proved a fruitless endeavor. A review of the decisions of both the Court of Appeals and the District Court in this case leads inescapably to the conclusion that the state of constitutional law on the question facing the Commissioners was far from clearly established. *Deibler v. City of Rehoboth Beach, supra,* 790 F.2d 328 (3rd Cir.1986), *rev'g,* No. 83–436, slip op. (D.Del. June 26, 1985). Indeed, one searches in vain throughout the majority opinion of Judge Zeigler and the concurring opinion of Judge Sloviter for even a unified approach to the question.

To the extent that precedent played a role in the Court's decision, the case that most closely foreshadowed the Court of Appeals' ruling in *Deibler* was *Turner v. Fouche,* 396 U.S. 346, 90 S.Ct. 532, 24 L.Ed.2d 567 (1970). There, the Supreme Court held a freeholder requirement for school board membership to be lacking in a rational basis because "the lack of ownership of realty [does not] establish a lack of attachment to the community and its educational values." *Turner v. Fouche, supra,* 396 U.S. at 364, 90 S.Ct. at 542. However, having said that, the Court went on to point out that "other circumstances might present themselves in which a property qualification for office-holding would survive constitutional scrutiny ..." *Id.* While the Court of Appeals ultimately held that non-delinquency does not qualify as one of those "other circumstances" alluded to in *Turner v. Fouche,* that principle was far from established at the time the actions of the individual defendants resulted in Deibler's exclusion from the ballot. The divergence of opinion among the four judges who reached the merits of this issue is a testament to the decisive fact that the law governing this case was an open question at the time the individual defendants acted. As the Court stated in *Mitchell v. Forsyth, supra,* the defendants gambled and lost on the resolution of an open question. To impose liability on that basis would require the Court to adopt the hind-sight based reasoning on immunity issues that the *Harlow* Court so clearly rejected.

Accordingly, the Court finds that the six present and/or former City Commissioners, and the former City Manager, are immune from suit under the doctrine of qualified immunity. They shall therefore be dismissed as defendants.

An Order shall be entered consistent with this Opinion.